## HANCOCK COUNTY *v.* HAWKINS COUNTY.

1. STATUTES. *Publication.* An act of the Legislature properly passed and regularly approved, does not become invalid by reason of a failure to publish the same among the acts of the Legislature.

2. COUNTY LINES. *Estoppel.* By an act of the Legislature a portion of Hancock county was added to Hawkins county, the line running within eleven miles of the county site of Hancock county. *Held,* upon bill filed by Hancock to restore the territory that complainant was not estopped by mere lapse of time, in ignorance of the fact that there was an encroachment upon the constitutional limits of Hancock county.

3. SAME. *Revenue.* Since the passage of the act, until the filing of the bill, the revenues collected from said territory belong to Hawkins county, said territory being within the jurisdiction of Hawkins county.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

F. M. FULKERSON and W. P. GILLENWATERS for complainant.

A. D. HUFFMASTER for defendant.

COOKE, J., delivered the opinion of the court.

On December 15, 1871, the Legislature passed an act, changing the lines between various counties, by the sixth section of which the line was changed between the counties of Hancock and Hawkins, by which a portion of the territory of Hancock was attached to Hawkins county. By some oversight this section was omitted from the act as published in the printed acts of that session. By a resolution of the called session of the Legislature of 1872, it was directed that the act, as passed, containing said sixth section, should be published along with the acts of said called session, which was done.

Immediately after the passage of said act of December 15, 1871, Hawkins county took possession of said territory embraced therein, and has continued ever since, up to the filing of the bill in this cause, to control and exercise jurisdiction over the same. Upon Hawkins county assuming jurisdiction over said territory, the county court of Hancock immediately reorganized and readjusted its territory to conform to the change made by said act, the officers of Hancock county being fully cognizant of the passage of said act ever since its date, and of the change of territory made thereby. All of the territory embraced in said change is within less than eleven miles of the

county site of Hancock county, and the change encroached upon the territory of Hancock county to within less than eleven miles of the county site to the extent of all the territory thus taken from Hancock county. Hancock county is the younger county, was formed out of territory taken from Hawkins county, and if the line of Hancock county is restored, as it existed before the passage of said act, it will fall within less than eleven miles of the county site of Hawkins county.   Hancock county was organized in 1840.

This bill was filed in 1880, attacking the validity of said act on the grounds that it was not passed by the Legislature in conformity with the requirements of the Constitution, inasmuch as the subject was not embraced in the Governor's call of the extra session of the Legislature; it being assumed that the action of that session of the Legislature, directing its publication, was necessary to give validity to said section of said act; and also upon the ground that the act was in violation of Article 10, section 4, of the Constitution of Tennessee, and sought to have said territory restored, and an account of the revenues collected by the respondent county from said territory since the passage of said act, and a decree for the same.

The answer admits the territory thus taken off Hancock county, and attached to Hawkins by said act, is all within eleven miles of the county site of Hancock county, denies that said act was not passed by the Legislature in conformity with the requirements of the Constitution, and insists that although

Hancock County *v.* Hawkins County.

the constitutional limits of the county of Hancock have been encroached upon by said act by approaching within less than eleven miles of its county site, the complainant is estopped, by reason of its long acquiescence in said change of its line, from now asserting any right to the territory thus taken away from or having the same restored to it. It also pleads and relies upon the statute of limitations of 1819 of seven years' actual adverse possession of said territory, and denies any right of complainant to an account of the revenues, etc., collected by it.

The answer was also made a cross-bill, and averred that, by the original act creating Hancock county, its own territory was encroached upon in violation of the same act of the Constitution, by approaching within less than eleven miles of its county site, and that all of said territory embraced in the change of the line complained of is within less than eleven miles of the county site, and seeks to be decreed entitled to the same by virtue of its original constitutional right, and the violation thereof in the original organization of said county of Hancock, and to be restored to its original territory to the extent of eleven miles from its county site.

The cross-bill was demurred to, and the demurrer sustained, and the cross-bill dismissed, which was affirmed on appeal to this court at a former term, and this part of the case is now *res adjudicata.*

As to the first question, in regard to the mode of the passage and publication of the act, it appears that the act was properly passed by the Legis-

lature and approved by the Governor, containing said sixth section, on December 15, 1871, and the publication of the sixth section was omitted by mistake. The act was therefore complete and valid, and by the seventh section took effect from its passage. The failure to publish the sixth section could not affect its validity. The resolution of the extra session of the Legislature was merely directory as to its publication, and whether authorized by the Governor's proclamation calling said extra session or not, was no part of the passage of said act, and it was the duty of the State officers to publish it just as it was passed, without any direction from the Legislature at its called session.

A more serious question is, as to whether or not Hancock county has waived or abandoned its right to have this territory in question restored by reason of the length of time it acquiesced in said change without complaint; or is estopped by such acquiescence from now asserting the same, it having been between eight and nine years from the time of the passage of said act and filing of the bill in this cause, there being no question as to the unconstitutionality of said act by reason of the encroachment upon the territory of Hancock county: 5 Sneed, 490; 9 Hum., 585; 1 Swan, 236; 4 Baxt:, 593.

The bill avers that the fact was unknown to the county court of Hancock county, or its officers, that the change made in the line between said counties by the sixth section of said act, did approach the

county site of Hancock county within less than eleven miles, until it was ascertained by an actual survey made but a short time before the filing of the same. This averment is denied by the answer. The depositions of two of the members of said county court, who have been justices of the peace and members of said county court ever since the war, and one of them chairman thereof for a great many years, were taken. Both of these testify that they never knew that said disputed territory was within eleven miles of the county site until it was ascertained by said survey, and from circumstances and the declarations of the other members of said court, they are satisfied that none of them knew the fact until it was thus ascertained. This testimony is objected to as incompetent. There can be no question as to its competency, so far as these members of the county court themselves are concerned, and whether competent as to the other members of the court it is unnecessary to determine, as we are of opinion that it must be made to appear affirmatively, either by direct proof or from facts and circumstances, that the fact of said encroachment was known to said county court, and an acquiescence therein after such knowledge for a sufficient length of time to raise the presumption that said county had abandoned the right to reclaim said territory, or that such improvement had been made, or expenses incurred in or upon said territory by the defendant county, or other causes shown as would render it inequitable to now restore the same, and thus estop the complainant. Neither

of which, we think, has been shown in this case. As to what length of time, with knowledge of the fact, would raise such presumption where it depends, as in this case, upon mere lapse of time, has not, that we are aware of, been determined, and perhaps could not be, as each case must depend upon its own peculiar facts and circumstances.

In *Maury County* v. *Lewis County*, 1 Swan, 236, it was held that acquiescence for five years was not sufficient to raise a presumption of a waiver of the right; in that case, however, it was said that the fact of the encroachment upon the constitutional limits of Maury county was unknown to her authorities until a short time before the bill was filed. In this case it appears the line where it was changed runs through a rough and mountainous part of the country, and the respondent by its answer admits that the fact that Hancock county approached the county site of Hawkins nearer than eleven miles, it being the identical same place, was unknown to Hawkins county or its officers until it was ascertained by a survey, after the bill was filed in this cause, although said county had been established forty years. We are satisfied from all the facts and circumstances of this case there has been no waiver or estoppel as to its right on part of complainant in this cause, and that the complainant county is entitled to have the territory restored to it, and the line re-established as it existed before said attempted change by said act. The statute of limitations of 1819 has no application to a case like this.

The chancellor held that the complainant was en-

titled to an account of the taxes and revenues collected by Hawkins county from the disputed territory, while she exercised jurisdiction over the same, and decreed a recovery of the same, and the Referees have reported that his decree should be affirmed. This portion of the decree, as well as of said report, is erroneous.

The territory, during the time jurisdiction was exercised over it by Hawkins county, and not asserted by Hancock county, was *de facto* a part of Hawkins county, and the revenues collected from it were, we must presume, expended along with the other revenues of said county for its benefit as an integral part thereof, in a similar manner, if not precisely the same, as they would have been had they been collected and expended by Hancock county itself. Hence it would be now inequitable to compel a repayment of the same to Hancock county. This part of the decree will be reversed, and so far as it seeks an account the bill will be dismissed.

After the filing of the bill the revenues arising from taxes of the disputed territory were impounded and collected by a receiver appointed by the chancellor, and are now in his hands, or in the office of the clerk and master of the chancery court, or under the control of said court. This property belongs to Hancock county.

But the costs of this cause, both in this and said chancery court, will be paid out of said fund, and the remainder paid over to Hancock county.